J-S01044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | |
| v. | : | |
| | : | |
| CHAD HEATH MILLER, | : | |
| | : | |
| Appellant | : | No. 1344 MDA 2016 |

Appeal from the PCRA Order July 13, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s): CP-67-CR-0009185-2012

BEFORE: GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 28, 2017**

Chad Heath Miller ("Miller") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Additionally, Miller's counsel, William H. Graff, Jr., Esquire ("Attorney Graff"), has filed a Petition to Withdraw as Counsel, and an accompanying "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Attorney Graff's Petition to Withdraw as Counsel and affirm the Order.

In October 2012, Miller, James Herlth ("Herlth"), Robert Dale Young ("Young"), and Jacob Dittenhafer participated in the unlawful entry of the home of Douglas Downs ("Downs"), located in Chanceford Township, York County based upon their belief that Downs was involved in illegal activity and had a large sume of money in the home. Downs lived in the home with

his personal care nurse, Andrew Boyd ("Boyd"). Miller and Herlth entered the home carrying firearms, and demanded to know the location of Downs's safe. Downs directed Miller to the basement. Miller and Boyd went to the basement while Herlth held Downs at gunpoint. At one point, Downs and Herlth struggled for control of Herlth's gun, after which Herlth retained control of the gun and told Downs to stop or he would shoot Downs. Thereafter, when Herlth became distracted, Downs retrieved a semiautomatic .380 caliber pistol from his recliner and shot Herlth in the chest. Downs then shot Herlth multiple times and Herlth fell to the floor. At this time, Miller came upstairs and fired his gun at Downs. Downs returned fire and then retreated to retrieve a second firearm. Miller summoned Young from outside to help remove Herlth from the home. The four men then fled the home. Herlth was later taken to the hospital to be treated for wounds to his chest, hands and neck.

Miller was subsequently arrested and charged with numerous crimes, including, *inter alia*, criminal attempt (homicide), burglary, robbery, aggravated assault, criminal trespass, and firearms carried without a license. On January 10, 2014, Miller entered an open guilty plea to burglary, robbery, and aggravated assault, in exchange for the withdrawal of the remaining charges. On February 28, 2014, the trial court sentenced Miller to an aggregate prison term of 15½ to 31 years in prison. Miller did not file a direct appeal.

On May 7, 2014, Miller filed a *pro se* PCRA Petition. The PCRA court appointed Miller counsel, who filed a supplemental PCRA Petition. The PCRA court then issued a Pennsylvania Rule of Criminal Procedure 907 Notice. Miller filed a Response, after which the PCRA court denied the Petition. Miller filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

Prior to addressing Miller's claim on appeal, we must address Attorney Graff's Petition to Withdraw as Counsel. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, our Court has held that the Supreme Court in **Pitts** did not expressly overrule the additional

- 3 -

requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the **Turner**/**Finley** "no-merit" letter, Attorney Graff described the extent of his review, identified the issues that Miller sought to raise, and explained why the issues lacked merit. In addition, Attorney Graff provided Miller with notice of his intention to seek permission to withdraw from representation, a copy of the **Turner**/**Finley** letter, and advised Miller of his rights *in lieu* of representation. Thus, we conclude that Attorney Miller has substantially complied with the requirements necessary to withdraw as counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review Miller's claims to ascertain whether they entitle him to relief.

In the **Turner**/**Finley** letter, Attorney Graff raises the following question for our review:

> Whether the [PCRA] court erred in [denying Miller's PCRA] Petition … pursuant to Rule 907 of the Pennsylvania Rules of

J-S01044-17

Criminal Procedure in its determination that there are no genuine issues of material fact regarding [Miller's] trial counsel's pretrial advice to not file any pretrial motions nor to accept the Commonwealth's negotiated plea offer?

**Turner/Finley** Letter at 6. Miller did not file a response.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

Miller contends that his plea counsel was ineffective for inducing his guilty plea. **Turner/Finley** Letter at 6-8; **see also id**. at 9 (wherein Miller argues that plea counsel was ineffective for advising him to reject other plea agreements prior to the January 2014 plea). Miller also argues that his plea counsel was ineffective for failing to file pretrial motions, including a Pa.R.Crim.P. 600 motion and a motion to suppress his statements to the police. **Id**. at 8-9. Miller further asserts that plea counsel was ineffective for failing to file a post-sentence motion for reconsideration of his sentence. **Id**. at 9-10.

To succeed on such an ineffectiveness claim, Miller must demonstrate by the preponderance of the evidence that

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

- 5 -

***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010). A petitioner's failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. ***Commonwealth v. Burno***, 94 A.3d 956, 972 (Pa. 2014). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. ***Commonwealth v. Watkins***, 108 A.3d 692, 702 (Pa. 2014).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations, brackets, and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

- 6 -

1)      Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2)      Is there a factual basis for the plea?

3)      Does the defendant understand that he or she has the right to a trial by jury?

4)      Does the defendant understand that he or she is presumed innocent until found guilty?

5)      Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6)      Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*.; *see also* Pa.R.Crim.P. 590, cmt.  "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998).  "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted).  "In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted).  Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the

plea proceedings. ***Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005).

At the plea colloquy, Miller stated that he understood the English language, and that he was not under the influence of alcohol or drugs. ***See*** N.T., 1/10/14, at 3; Written Guilty Plea Colloquy, 1/10/14, at 3. Miller understood the charges against him, and admitted to the facts that led to those charges. ***See*** N.T., 1/10/14, at 5-10; Written Guilty Plea Colloquy, 1/10/14, at 4. Miller also stated that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to a jury trial, and most of his direct appeal rights. ***See*** Written Guilty Plea Colloquy, 1/10/14, at 4-6, 8; ***see also id***. at 6 (wherein Miller additionally acknowledged that by pleading guilty he was surrendering any right to contest any "procedural or fundamental errors, irregularities, or unlawful acts or violations of your Constitutional rights by the Commonwealth personnel in investigating, filing, proceeding with, and presenting at the trial the charges against you[.]"). Miller affirmed that he was pleading guilty of his own free will, that no one forced him to plead guilty, and that he was satisfied with his attorney's representation. ***See*** N.T., 1/10/14, at 5; Written Guilty Plea Colloquy, 1/10/14, at 8, 9. Further, Miller understood that he was entering an open guilty plea and that the trial court had discretion in imposing the sentence. ***See*** N.T., 1/10/14, at 4; Written Guilty Plea Colloquy, 1/10/14, at 8. The trial court also informed

Miller about the maximum possible sentence for each of the convictions. **See** N.T., 1/10/14, at 4-5; Written Guilty Plea Colloquy, 1/10/14, at 6-7.

Based upon our review of the totality of the circumstances, we conclude that Miller knowingly and voluntarily entered the guilty plea. Miller has not argued or demonstrated that plea counsel caused him to tender an unknowing and involuntary plea. **See Bedell**, 954 A.2d at 1212. Indeed, Miller confirmed that he understood the rights he was foregoing by pleading guilty, including his pretrial rights. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (noting that all claims of procedural deficiencies and all non-jurisdictional defects and defenses are waived by tendering a guilty plea); **see also Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence."). Miller also indicated that he was pleased with the representation of counsel, and stated that no one had coerced him into pleading guilty. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty). In light of the guilty plea colloquy, we conclude that Miller knowingly waived all of his pretrial claims, and understood that the trial court had discretion in sentencing him based upon the entry of this specific open plea. **See Commonwealth v. Yeomans**, 24

A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy and may not later assert grounds for withdrawing the plea which contradict those statements). Accordingly, Miller knowingly and voluntarily entered the guilty plea, and his claims of ineffective assistance of plea counsel do not entitle him to relief. **See Lewis**, 708 A.2d at 502 (noting that where the appellant stated at his colloquy that he was satisfied with counsel's representation, appellant's ineffective assistance of counsel claim was without merit); **Commonwealth v. Shekerko**, 639 A.2d 810, 815 (Pa. Super. 1994) (concluding that because appellant's plea was knowingly entered, plea counsel was not ineffective).

With regard to Miller's claim that counsel was ineffective for failing to file a post-sentence motion to reconsider the sentence, we conclude that such a claim is without merit. Miller has not indicated "what grounds [t]rial [c]ounsel should have filed any of these motions; therefore[,] his contention amounts to nothing more than a bald-faced assertion." PCRA Court Opinion, 7/13/16, at 6. Nevertheless, we note that at sentencing, the trial court reviewed a pre-sentence investigation report. **See** N.T., 2/28/14, at 3, 7, 11. It is well-settled that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v.**

J-S01044-17

***Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009); ***see also id.*** (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted).  In addition to the pre-sentence investigation report, the trial court also considered Miller's statements and the victim impact statements of Boyd and Downs in rendering the sentence.  N.T., 2/28/14, at 2-11.  Based upon our review of the record, counsel was not ineffective for failing to file a post-sentence motion where the trial court did not abuse its discretion in imposing the sentence.  ***See Ventura, supra***.

Upon our independent review of the record, we conclude that the PCRA Petition is without merit, and that Attorney Graff is entitled to withdraw under the precepts of ***Turner/Finley***.

Petition to Withdraw as Counsel granted.  Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

- 11 -